STATE OF SOUTH CAROLINA

COUNTY OF FLORENCE

IN THE COURT OF COMMON PLEAS
13-CP-21-3304

BANK OF THE OZARKS, successor by merger to FIRST NATIONAL BANK OF SHELBY, NORTH CAROLINA,

Plaintiff,

vs.

B AND B GROUP DEVELOPMENT, LLC, MAGNOLIA TRACE APARTMENTS, LLC and the SOUTH CAROLINA DEPARTMENT OF EMPLOYMENT AND WORKFORCE,

Defendant.

**ORDER FOR JUDGMENT AND DECREE OF FORECLOSURE**



Plaintiff Bank of the Ozarks, successor by merger to First National Bank of Shelby, North Carolina ("Plaintiff"), brings this action for foreclosure of a mortgage on property owned by Defendant B and B Group Development, LLC ("Borrower") located in Florence County, South Carolina. In addition to sale of the property, Plaintiff is seeking a deficiency judgment against Borrower.

Pursuant to Rule 53 of the South Carolina Rules of Civil Procedure, and by order of the Honorable William H. Seals, Jr., this case was referred to the undersigned to make appropriate findings of fact and conclusions of law, with authority to enter a final judgment in this case. Any appeal from the final judgment so entered will be to the South Carolina Court of Appeals.

Pursuant to the order of reference, a hearing was held on July 29, 2014. Plaintiff was represented by Thomas L. Ogburn III. Borrower and Magnolia Trace Apartments, LLC, were represented by Finley B. Clarke. Plaintiff offered the testimony of Denise Schmidt, a Vice President of Plaintiff. The Borrower offered the testimony of Milton R. "Buddy" Halbert. Based



CERTIFIED: A TRUE COPY

*Connie Reel-Shearin*

CLERK OF COURT C.P. & G.S.
FLORENCE COUNTY, S.C.

on a review of the Court's file and consideration of the testimony and documents presented at the hearing, I find and conclude as follows:

## FINDINGS OF FACT

1. Plaintiff filed a Summons and verified Complaint in this matter in the office of the Florence County Clerk of Court on December 23, 2013. Additionally, on December 23, 2013, Plaintiff filed a Notice of Lis Pendens in the office of the Florence County Clerk of Court.

2. The Borrower was served with the Summons, the verified Complaint and Lis Pendens in this action by a process server on January 10, 2014 as shown on the Notice of Filing of Affidavit of Service filed with the Court on January 17, 2014.

3. Defendants Magnolia Trace Apartments, LLC and the South Carolina Department of Employment and Workforce were served with the Summons, the verified Complaint and Lis Pendens in this action by United States mail, classified as certified mail, return receipt requested, on January 9, 2014 as shown by the Affidavit of Service filed with the Court on February 10, 2014.

4. An Amended Complaint was served on the parties in this matter on February 12, 2014, and was filed with the Court on February 17, 2014.

5. Borrower served an Answer in response to the Amended Complaint on March 4, 2014.

6. South Carolina Department of Employment and Workforce served an Answer to the Amended Complaint on March 21, 2014.

7. On April 7, 2014, the Honorable Alison Renee Lee entered an Order Appointing Receiver ("Receiver Order") pursuant to which Caroland Development, LLC was appointed as the receiver for the property that is the subject of this foreclosure action.

8. A Consent Order of Reference was filed on July 15, 2014.

2

9. All parties were properly notified of the time, date and place of hearing in this matter.

### The Notes and Mortgage

10. On or about May 30, 2008, for value received, the Borrower executed and delivered to Plaintiff, a written Promissory Note ("Note") in the original principal amount of $2,500,000.00, with interest, terms and conditions as shown on the copy of said Note.

11. In order to better secure the payment of said Note and debt, in accordance with the terms and conditions thereof, the Borrower executed and delivered to Plaintiff, a written Real Estate Mortgage ("Mortgage") dated May 30, 2008 and recorded in the office of the Florence County Clerk of Court on June 9, 2008 in Book B190, Page 0001, encumbering the following described property (hereinafter referred to as the "Property"):

> ALL of that certain piece, parcel, or tract of land, together with all improvements thereon and appurtenances thereto, commonly known as the Magnolia Trace Apartments and lying and being situate at or near the intersection of Royal Street and Oakland Avenue, in the City of Florence, State of South Carolina, containing 11.279 acres, more or less, as shown on that certain plat of survey prepared by Site Design, Inc. and entitled "ALTA/ACSM Land Title Survey Prepared for B and B Group Development, LLC," dated May 11, 2001 and recertified and revised as of April 29, 2008, recorded in the Florence County, South Carolina Register of Deed's Office in Plat Book 94 at Pages 40 and _-_ to which plat reference is made for a more complete and accurate description as to the within described property.
>
> Derivations: Being the same property conveyed to the within named B and B Group Development, LLC by deed of Magnolia Trace Apartments, LLC, recorded in the Florence County, South Carolina Clerk of Court's Office in Book B189 at Page 1794.

12. On May 30, 2008, Borrower sold a participation interest in the Note to Alliance Bank and Trust. The terms of the Participation Certificate and Agreement expressly provide that Plaintiff is entitled to administer the loan and related security as though it was the sole owner and

3

holder thereof. Further Plaintiff is charged with making all decisions concerning the servicing of the loan, including decisions concerning foreclosure of the loan.

13. The parties subsequently modified the terms of the note by written Note Modification Agreements dated June 30, 2011 and September 5, 2011, to, among other things, extend the maturity of the note until September 5, 2014.

14. The Borrower defaulted in making the payments required under the Note in 2013, Plaintiff accelerated the amounts owed under the Note and demanded payment from the Borrower. Borrower failed to cure the default and remains in default under the terms of the Note and Mortgage.

15. Additionally, Borrower defaulted under the terms of the Note and Mortgage by failing to pay the property taxes on the Property, failure to maintain insurance on the Property and failure to pay the water bills owed to the City of Florence.

16. The parties did not orally modify the terms of the Note after default.

17. The parties stipulated that the Borrower did not pay the water bills it received from the City of Florence.

18. As a result of the defaults under the Note and Mortgage, Plaintiff had to pay $153,974.03 to redeem the Property after a tax sale by Florence County, $89,431.36 in past due water bills to the City of Florence and incurred $28,432.88 for insurance on the property.

19. Plaintiff has also advanced $38,773.87 to the Receiver for costs and expenses associated with the receivership. Under paragraph 8 of the Receiver Order, amounts Plaintiff funds to the Receiver for payment of expenses shall constitute reimbursable costs and expenses under the Note and shall be secured by the Mortgage.

4

20. As of July 29, 2014, Borrower owes Plaintiff the following amounts under the Note and Mortgage, exclusive of court costs and attorney's fees:

| | |
|---|---|
| Principal | $2,477,630.17 |
| Accrued Interest | $179,389.39 |
| Forced Place Insurance | $28,432.88 |
| Taxes | $153,974.03 |
| Late Fees | $22,701.06 |
| Water Bills | $89,431.36 |
| Amounts Advanced to Receiver | $38,773.87 |
| Total | $2,990,332.76 |

Interest is continuing to accrue on the principal amount at $344.11530 per diem (5.0% per annum) from July 29, 2014.

21. The Note and Mortgage provides that that Plaintiff is entitled to have and recover its reasonable attorney's fees incurred in the collection of the amounts owed under the Note and in foreclosure of the Mortgage. Plaintiff has submitted an affidavit seeking $61,182.68 in attorney's fees and costs for legal work performed in this action and the legal work to be performed in coordinating the sale of the property and filing the necessary documents to close out the foreclosure.

22. Plaintiff is seeking the usual foreclosure of the Mortgage and has in the Amended Complaint expressly reserved the right to a deficiency judgment should the proceeds of sale not be sufficient to satisfy the judgment debt.



## CONCLUSIONS OF LAW

1. The Plaintiff has standing to bring this foreclosure action.

2. That the Borrower is in default of the terms of the Note and Mortgage for reason of failure to make payments when due, failure to pay taxes on the Property, failure to keep the Property insured and failure to pay the utilities on the Property, namely the water bills to the City of Florence.

3. Plaintiff and Borrower did not orally modify the terms of the loan.

4. Plaintiff's Mortgage on the Property is a valid first mortgage lien.

5. Plaintiff should have judgment of foreclosure of the Mortgage, that all junior liens be released, and the Property should be ordered sold at public auction after due advertisement.

6. Plaintiff has requested attorney's fees and attorney costs in the amount of $61,182.68. An award of $61,182.68 in fees and costs is appropriate given the hourly rates of the professionals involved; the nature and complexity of the case; the number of pleadings and hearings; the time expended; the professional standing of counsel; the fees customarily charged for similar services; the potential liabilities inherent in this real property foreclosure matter; the attendant responsibilities; and the size of the mortgage debt.

Based on the foregoing, and on Motion of counsel for the Plaintiff,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. There is due to the Plaintiff by the Borrower on the Note and Mortgage the following amount as of July 29, 2014:



| Principal | $2,477,630.17 |
| --- | --- |
| Accrued Interest | $179,389.39 |
| Forced Place Insurance | $28,432.88 |
| Taxes | $153,974.03 |
| Late Fees | $22,701.06 |
| Water Bills | $89,431.36 |
| Amounts Advanced to Receiver | $38,773.87 |
| Total | $2,990,332.76 |

2. Interest continues to accrue on the principal amount at $344.11530 per diem (5.0% per annum) from July 29, 2014.

3. In addition Plaintiff has incurred and will incur reasonable attorney's fees and costs in the amount of $61,182.68.

6

4. Plaintiff is also entitled to recover the fees of the Special Referee from the proceeds of the sale.

5. Plaintiff is also entitled to recover any and all unpaid Florence County real property taxes owed through date of public sale.

6. Borrower shall, on or before the date of sale of the Property, pay to the Plaintiff, or Plaintiff's attorney, the amount of Plaintiff's debt as aforesaid, together with the costs and disbursements of this action.

7. Upon default of payment at or before the time herein indicated, including attorney's fees and costs, the mortgaged premises described in the Complaint and hereinafter set forth shall be sold by a Special Referee for Florence County, South Carolina at public auction, at the location and, upon the date and time set forth in the Notice of Foreclosure Sale, and should the regular day of judicial sales fall on a legal holiday, then and in such event, the sales day shall be on Tuesday next succeeding such holiday, and on the following terms:

    a. <u>For Cash</u>: The Special Referee will require a deposit of five percent (5%) on the amount of the bid in cash or equivalent (unless Plaintiff is the successful bidder) the same to be applied to the purchase price upon compliance with the bid. In case of non-compliance within the time specified in the Notice of Sale, the deposit will be forfeited and applied to the costs and Plaintiff's debt.

    b. Interest on the balance of the bid shall be paid to the day of compliance at the rate of five percent (5.0%) per annum.

    c. The sale shall be subject to taxes and assessments, existing easements and restrictions and easements and restrictions of record, and any other senior encumbrances.

7

      d.    The Purchaser shall pay for the deed preparation and costs of recording the Deed and Deed Stamps.

    8.    If Plaintiff is the successful bidder at the sale for a sum not exceeding the amount of costs, expenses and the indebtedness due Plaintiff, Plaintiff may pay to the Special Referee only the amount of the costs and expenses, crediting the balance of the bid on Plaintiff's indebtedness.

    9.    The Plaintiff having reserved its right to seek a personal or deficiency judgment against Borrower, the bidding will remain open until the thirtieth (30th) day, exclusive of the day of sale, after the date of sale. Within such thirty (30) day period any person other than the highest bidder at the sale or any representative thereof in foreclosure may enter a higher bid upon complying with the terms of sale by making the necessary deposit of five percent (5%) the amount of the bid (in cash or equivalent) as a guarantee of his good faith and thereafter within such period any person, other than such highest bidder at the sale or any representative thereof, may in like manner raise the highest bid, and the successful purchaser shall be deemed to be the person who submitted the last highest bid within such period and made the necessary deposit or guarantee. But the mortgagees or their representatives shall enter such bid as they desire at the time the sale is made, and they in all persons acting in their behalf shall be precluded from entering any other bid in any amount at any other time except the single or the last bid made by it or in its behalf. If the thirtieth (30th) day falls on Sunday, the bidding shall be reopened on the Monday immediately following.



    10.    The Special Referee will, by advertisement according to law, give notice of the date, time, and place of such sale, and the terms thereof, and will execute to the purchaser, or purchasers, a deed to the premises sold. The Plaintiff, or any other party to this action, may

become a purchaser at such sale. If the purchaser or purchasers at the sale should fail to comply with the terms thereof, then the Special Referee may advertise the said premises for resale on the next, or some other subsequent sales day, at the risk of the highest bidder, and so from time to time thereafter until a full compliance shall be secured.

11. The bidding shall be reopened by the officer making the sale on the thirtieth (30th) day after the sale, exclusive of the day of sale, at eleven o'clock in the morning and the bidding shall be allowed to continued until the property shall be knocked down in the usual custom of auction to the successful highest bidder complying with the terms of sale. The sales officer shall announce the sale about to be closed and shall receive the final bids in such sale in the order determined by him.

12. The Special Referee shall apply the proceeds of the sale as follows:

   a. First, to the payment of the amount of the costs and expenses of this action, including any liens for taxes due and payable upon the premises so sold, and any special assessments against such and any taxable disbursements by the attorneys in this action.

   b. Next, to Plaintiff, of the amount of Plaintiff's debt, interest, costs and attorney's fees, or so much thereof as the purchase money will pay on the same;

   c. Any surplus is to be held until further Order of this Court.

13. IT IS FURTHER ORDERED, ADJUDGED AND DECREED that in the event the successful bidder is other than the Borrower herein, the Sheriff, upon receipt of a Writ of Assistance or other order of ejectment, is authorized and directed to eject and remove from the premises the occupant(s) of the property sold, together with all personal property located thereon, and put the successful bidder or his assigns in full, quiet and peaceable possession of

9

said premises without delay, and to keep said successful bidder or his assigns in such peaceable possession.

14. IT IS FURTHER ORDERED, ADJUDGED AND DECREED that B and B Group Development, LLC, and all persons whosoever claiming under B and B Group Development, LLC, be forever barred and foreclosed of all right, title, interest, and equity of redemption in the said mortgaged premises so sold, or any part thereof.

15. IT IS FURTHER ORDERED that the deed of conveyance made pursuant to said sale shall contain the names of only the first-named Plaintiff and the first-named Defendant, and the Defendant who was the titleholder of the mortgaged property at the time of the filing of the notice of pendency of the within action, and the name of the grantee; and, the Register of Deeds is authorized to omit from the indices pertaining to such conveyance the names of all parties not contained in said deed.

16. The undersigned will retain jurisdiction to do all necessary acts incident to this foreclosure including, but not limited to, the issuance of a Writ of Assistance and any acts needed to wind up the receivership after the foreclosure.

17. The following is a description of the Property herein ordered to be sold:



ALL of that certain piece, parcel, or tract of land, together with all improvements thereon and appurtenances thereto, commonly known as the Magnolia Trace Apartments and lying and being situate at or near the intersection of Royal Street and Oakland Avenue, in the City of Florence, State of South Carolina, containing 11.279 acres, more or less, as shown on that certain plat of survey prepared by Site Design, Inc. and entitled "ALTA/ACSM Land Title Survey Prepared for B and B Group Development, LLC," dated May 11, 2001 and recertified and revised as of April 29, 2008, recorded in the Florence County, South Carolina Register of Deed's Office in Plat Book 94 at Pages 40 and _-_ to which plat reference is made for a more complete and accurate description as to the within described property.

Derivations: Being the same property conveyed to the within named B and B Group Development, LLC by deed of Magnolia Trace Apartments, LLC, recorded

in the Florence County, South Carolina Clerk of Court's Office in Book B189 at Page 1794.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Plaintiff have a personal judgment against the Borrower for any deficiency remaining after application of the proceeds of sale. Provided, however, that nothing herein shall be construed or interpreted as denying Borrower its right, if any, to apply for an order of appraisal pursuant to Section 29-3-680, South Carolina Code Of Laws (1976).

#11

_____
Haigh Porter
Special Referee for Florence County

August 4, 2014
Florence, South Carolina

2014 AUG -5 PM 12: 31
CONNIE REEL-SHEA
CCCP & GS
FLORENCE COUNTY, S.C.
FILED

CERTIFIED A TRUE COPY

_____
CLERK OF COURT C.P. & G.S.
FLORENCE COUNTY, S.C.

11

026036-00004000/3786745v8