FILED & JUDGMENT ENTERED
Steven T. Salata

Sep  22  2014

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

J. Craig Whitley
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NORTH CAROLINA
SHELBY DIVISION

IN RE:

B AND B GROUP DEVELOPMENT, LLC

DEBTOR.

Case No. 14-40430

Chapter 11

**CONSENT ORDER EXCUSING CUSTODIAN FROM
REQUIREMENTS OF SECTIONS 543(a) & (b)**

Bank of the Ozarks ("Ozarks") filed an Emergency Motion for Retention of Caroland Development, LLC as Custodian of the Property of the Estate or, in the Alternative, to Prohibit Use of Cash Collateral (the "Motion"). Caroland Development, LLC ("Caroland") was appointed as receiver for certain income-producing multi-family real estate (the "Property") owned by B and B Group Development, LLC ("Debtor") in Florence County, South Carolina, pursuant to that certain Order Appointing Receiver attached hereto as Exhibit A (the "Receivership Order").

Ozarks and Debtor agree that it is in the best interest of Debtor, the creditors, the tenants of the Property, and other parties-in-interest if Caroland remains in possession and control of the Property, including all rents and proceeds generated therefrom until confirmation of a Plan of Reorganization, or further Order of this Court.  Ozarks consents to Caroland's use of cash collateral in fulfilling its duties hereunder.

1

Furthermore, the Debtor agrees that unless it files a plan and disclosure statement on or before September 30, 2014, this matter <u>shall</u> <u>be</u> <u>dismissed</u>, without further Order from this Court.

With the consent of Ozarks and Debtor, and for good cause shown, the Court orders as follows:

1. Until further order of this Court, Caroland is directed to continue to manage the Property in the same fashion and for the same compensation as it has pursuant to the Receivership Order, including continuation of pending evictions and future evictions of tenants for non-payment of rent and payment of expenses that came due in the ordinary course of operating the Property, including pre-petition expenses.

2. Pursuant to § 543(d)(1), until further order of the Court, Caroland is excused from compliance with §§ 543(a) and (b).

3. The Debtor and its members are enjoined from interfering with Caroland's management and control of the Property and the collection of the rents. To the extent, the Debtor or its members have collected any rent from any tenants, they are ordered to immediately turn such rents over to Caroland.

4. Ozarks will continue its forced placed insurance on the Property and will provide the office of the Bankruptcy Administrator ("BA") evidence of insurance satisfactory to the BA. Amounts advanced by Ozarks for payment of insurance and post-petition expenses shall be secured by the property but treated as administrative expenses for plan purposes.

5. Caroland shall provide a copy of the bond filed with Florence County, South Carolina to the BA.

6.      Caroland shall provide a monthly report to this Court regarding its management of the Property, including an accounting of any property or proceeds received and the distribution of the same and any other or further information requested by the Court or any party–in-interest.

7.      To facilitate the purposes of this Order, the automatic stay is modified to the extent necessary to permit Caroland to exercise the powers and duties set forth herein.

8.      Debtor shall file its disclosure statement and plan by 5:00 PM on September 30, 2014. If Debtor's disclosure statement and plan are not timely filed, this matter shall be dismissed.

9.      Ozarks' consent to this Order does not affect or impair its right to file a Motion to Dismiss or a Motion for Relief from Automatic Stay.

10.      Ozarks is directed to serve a copy of this Order upon the appropriate interested parties within three (3) business days after its entry and shall file a certificate of service evidencing the same.

This Order has been signed electronically. The Judges signature appears at the top of this document.

United States Bankruptcy Court

WE CONSENT:

| | |
|---|---|
| /s/  Constance L. Young | /s/  William S. Gardner |
| Constance L. Young (N.C. State Bar #16115) | William S. Gardner |
| WOMBLE CARLYLE SANDRIDGE & RICE, LLP | Gardner Law Offices, PLLC |
| One Wells Fargo Center, Suite 3500 | 320-1 E. Graham St. |
| 301 S. College Street | Shelby, NC 28150 |
| Charlotte, NC  28202 | 704-600-6113 |
| Telephone: 704-331-4972 | Fax : 1-888-870-1644 |
| Facsimile:  704-338-9962 | Email: Billgardner@gardnerlawoffices.com |
| Email: cyoung@wcsr.com | |

# EXHIBIT A

| | |
|---|---|
| STATE OF SOUTH CAROLINA )<br>COUNTY OF FLORENCE ) | IN THE COURT OF COMMON PLEAS<br>TWELFTH JUDICIAL CIRCUIT |
| BANK OF THE OZARKS, successor by )<br>merger to FIRST NATIONAL BANK )<br>OF SHELBY, NORTH CAROLINA, ) | DOCKET NO. 2013-CP-21-03304 |
| Plaintiff, ) | **ORDER APPOINTING RECEIVER** |
| v. ) | |
| B AND B GROUP DEVELOPMENT, LLC,)<br>MAGNOLIA TRACE APARTMENTS, )<br>LLC, and the SOUTH CAROLINA )<br>DEPARTMENT OF EMPLOYMENT )<br>AND WORKFORCE, ) | |
| Defendants. ) | |



This matter came before the Court on the Motion for Appointment of Receiver by Plaintiff, Bank of the Ozarks, successor by merger to First National Bank of Shelby, North Carolina a/k/a First National Bank ("Lender"). The Motion is made pursuant to Rule 66, SCRCP and S.C. Code Ann. § 15-65-10, et seq. and seeks to have a receiver appointed over certain real property owned by Defendant B and B Group Development, LLC ("Borrower") during the pendency of this action for foreclosure of a mortgage. Present were Thomas L. Ogburn, III of the law firm of Poyner Spruill LLP, attorneys for the Plaintiff, and Finley Clarke of Clarke, Johnson, Peterson & McLean, P.A. for Defendants B and B Group Development, LLC and Magnolia Trace Apartments, LLC.

This is an action on a promissory note and security agreement that seeks foreclosure of a mortgage on real property. Based on a review of the pleadings, including the verified complaint and motion for appointment of receiver, it appears that to the Court as follows:

### FINDINGS OF FACT

1.   Lender is an Arkansas banking corporation, authorized to conduct business in South Carolina.

2.   Borrower is a North Carolina limited liability company, authorized to conduct business in South Carolina.

CERTIFIED: A TRUE COPY

Connie Reel Shearin

CLERK OF COURT C.P & G.S
FLORENCE COUNTY, S.C.

3.    This Court has jurisdiction over this matter, the parties to this action and Lender has satisfied all conditions precedent to the filing of the foreclosure action. Venue is proper in Florence County because the property that is the subject of this foreclosure action is located in Florence County, South Carolina.

4.    The loan which is the subject of this action is a commercial debt secured by an apartment complex and, therefore, is not subject to modification under the Home Affordable Modification Program. Additionally, this property is not an "Owner-Occupied Dwelling," so Administrative Order No. 2011-05-02-01 from the South Carolina Supreme Court does not apply to this foreclosure.

5.    On or about May 30, 2008, Borrower executed and delivered to First National Bank of Shelby, North Carolina a/k/a First National Bank ("FNB") a written Promissory Note ("Note") in the original principal amount of Two Million Five Hundred Thousand and 00/00 Dollars ($2,500,000.00), with interest, terms and conditions as shown on the copy of said Note. The Note was subsequently modified on June 30, 2011 and September 5, 2011. The purpose of the Note was to finance the purchase of a 144 unit apartment complex located in Florence, South Carolina.

6.    In order to secure the amounts owed to FNB under the Note, Borrower, for good and sufficient consideration, executed and delivered to FNB a written Real Estate Mortgage dated May 30, 2008 and recorded on June 9, 2008 in Book 190 at Page 1, Florence County Registry ("Mortgage"). The Mortgage grants Lender a lien on, among other things, real property located at 318 Royal Street, Florence, South Carolina that is more specifically described in Exhibit A to the Mortgage (the "Property"). The Note indicates on its face that is secured by the Mortgage.

7.    Pursuant to the terms of the Mortgage, and as additional security for the Note, Borrower assigned and transferred to Lender, among other things, all leases, rents, security and similar deposits, revenues, issues, and profits from the Property (collectively, the "Leases, Rents and Profits").

8.    FNB sold a participation interest in the principal and interest accruing from the loan that is the subject of this action to Alliance Bank and Trust. This participation agreement provides that FNB is to hold all writings, documents and instruments concerning the loan and further grants FNB the right to administer and service the loan and make all decisions concerning



2

foreclosure of the loan. FNB merged into Lender on or about July 31, 2013. Therefore, Lender has the standing to bring this action and to enforce the terms of the Note, Mortgage and other loan documents.

9.     Lender asserts that Borrower is in default under the terms of the Note as a result of its failure to timely pay the amounts due under the Note and to fully perform its obligations to Lender. As a result, Lender has accelerated the amounts due under the Note.

10.    As a result of the Borrower's failure to pay the principal and interest balance due at maturity, Lender alleges that the Note and Mortgage are in default, and the full balance outstanding under the Note is now due and payable in full.

11.    Borrower claims that the Note, Mortgage and Security Agreements were amended orally for valuable consideration; that the Lender has made material misrepresentations regarding restructuring the loan which it failed to keep; that the Lender has prevented Borrower from complying with the amended agreement, and therefore, Lender is estopped not only from foreclosing but also from obtaining the temporary relief it seeks in the appointment of a receiver.

12.    Pursuant to the terms of the Mortgage, if the Borrower is in default, the Lender is allowed to expend sums, expenses and fees which Lender believes appropriate for the protection of the Property (the "Lender's Right to Protect"), and to have these sums, expenses and fees (the "Lender's Expenses") secured by the Mortgage, to accrue interest at the rate accruing on under the Note.

13.    Lender represents that Caroland Development, LLC ("Caroland") 6130 Harris Technology Boulevard, Charlotte, North Carolina 28269 (the "Receiver") is experienced in residential property management operations, including Section 8 housing, as well as handling distressed properties and is a fit and proper person to act as receiver herein. Receiver has represented to Lender that it holds no interest that would interfere with the proper performance of its fiduciary duties as receiver in this case and it is willing to so serve.

14.    Taking possession of, securing and protecting the Borrower's assets for the Lender's benefit in order to reduce the Borrower's outstanding indebtedness is the principal subject of this action. The Property is in the Borrower's possession and under the Borrower's control and Lender believes that it is in danger of its value being lost or materially damaged or impaired unless a receiver is appointed to take possession of the Property and administer it subject to further orders of this Court or Referee.



3

## CONCLUSIONS OF LAW

The foregoing Findings of Fact are denominated Conclusions of Law to the extent that they constitute the same.

1.  Based on the pleadings and the loan documents executed by the Borrower in favor of the Lender, it appears that the Property and the Leases, Rents and Profits are in danger of being materially injured.

2.  Lender has an apparent right to the Leases, Rents and Profits of the Property and appointment of a receiver to protect these assets and the Property pending the resolution of the factual and legal issues in this foreclosure action.

3.  Borrower has not made the payments to Lender required by the Note and has not paid amounts owed to the City of Florence for water service, causing the City of Florence to threaten to notify the tenants and to threaten to turn off the water to the Property.

4.  Therefore, the Lender is entitled to the appointment of a receiver under the provisions of S.C. Code Ann. § 15-65-10, *et seq.*, and the equitable powers of the Court to take possession of the Property, secure and protect the Property, and manage and operate the Property subject to the terms of this and other orders of the Court or the Referee.

5.  The value of the Property for purposes of the bond described in S.C. Code Ann. § 15-65-60 is $2,500,000.00.

## ORDER

Based upon the foregoing Findings of Fact and Conclusions of Law, it is hereby **ORDERED** that:

1.  A Receiver is hereby appointed to take possession of, secure, hold, manage, lease, operate and protect the Property during the pendency of this action. The Receiver is vested with all of the powers, rights and duties provided under the Mortgage, the other loan documents and applicable law.

2.  The Borrower shall surrender the Property to the Receiver by no later than Monday, April 14, 2014, at 5:00 PM or such other time as the Borrower, Receiver and Lender may mutually agree.



3.  While the receivership is in place, and until further orders by this Court or Referee, the Borrower, its agents, employees, attorneys, and any other persons or entities in active concert or participation with them, are hereby enjoined from interfering with the Receiver

or his duly appointed agents or representatives in connection with the possession and operations of the Property.

4. Borrower, its agents, employees, attorneys, and any other persons or entities in active concert or participation with them shall immediately turn over to the Receiver all of the books and records relating to the Property, including bank account information, all security deposits, evidence of utility services at the property, and keys to the Property, including all books and records relating to any leases, licenses and contracts affecting any portion of the Property in its possession or control.

5. The Borrower and its representatives or agents shall promptly turn over to the Receiver any income, revenues or profits arising out of the Property, whether by lease, license, management, operation or ownership of the Property that they receive on or after the Receiver takes possession of the Property, any licenses or leases affecting the Property, and any lease deposits.

6. The Receiver shall manage the daily operations of the Property and collect the rents and other revenues generated by the use and occupancy of the Property. In so doing, the Receiver is authorized to, among other things:

   a. perform repairs and construct improvements on the property as may be reasonably necessary to improve the marketability of the property to prospective tenants;

   b. expend funds reasonably necessary to market the property to prospective tenants;

   c. employ and pay professionals and third party contractors, including a management company, accountants and attorneys, from the rents and other revenues collected from the Property as the Receiver deems appropriate to perform its duties;

   d. secure the property by employing security guards, erecting fencing, gates, and taking other steps necessary to protect the Property;

   e. execute such documents and take such action as it deems necessary or appropriate for the protection of the Property, including without limitation, changing locks, or changing the address of utility bills; and

   f. pay the normal, ordinary, and necessary operating expenses of the Property (collectively, with the foregoing, "Expenses") from the rents and other revenues collected from the Property.



7. In the event the rents and revenues collected from the Property are insufficient to pay the Expenses, Lender has the right, but not the duty, to fund the Expenses, including the cost of utilities, security and wages or fees of on-site personnel engaged by the Receiver. Neither the Receiver nor Lender shall be liable for any expenses which were incurred with regard to the Property prior to the Receiver taking possession of the Property, nor shall the Receiver or Lender be required to use any rents or other revenues collected after the Receiver takes possession of the Property for payment of any expenses which were incurred with regard to the Property prior to the Receiver's taking possession of the Property.

    a. Notwithstanding the foregoing, the Receiver may, in the Receiver's sole and absolute discretion, pay those expenses which were incurred in the normal and ordinary course of business of the Property and which were incurred prior to the Receiver taking possession of the Property, if the payment of any such pre-existing expenses is necessary to the ongoing operation of the Property (e.g., utilities).

    b. It shall be incumbent upon the Receiver, in the Receiver's sole and absolute discretion, to make a determination as to which expenses, if any, incurred prior to the Receiver taking possession of the Property were incurred in the normal and ordinary course of business and the payment of which is necessary and critical to the ongoing operation of the Property, and the Receiver's determination of same shall be binding on the parties hereto.

8. Lender's title to and security interest in the Leases, Rents and Profits shall not be impaired by the appointment of the Receiver. Any amounts funded by the Lender to the Receiver for payment of expenses, repairs, maintenance or other operating costs for the Property shall constitute reimbursable costs and expenses under the Note and shall be secured by the Lender's first priority lien of the Mortgage.

9. The Receiver shall retain possession of the Property until further order of the Court or Referee. The Receiver's appointment hereunder shall be terminated automatically upon the filing of the Receiver's final report pursuant to the provisions below.

10. The Receiver is authorized to cause such Receiver to be named as an additional insured on any insurance policies covering the Property. Further, the Borrower will execute and deliver such documents and take such further action as the Receiver may reasonably request in order to add the Receiver as an additional insured on such insurance policies. Neither Receiver



nor Lender shall remove Borrower as an insured on insurance policies provided by the Borrower covering the Property as long as the Property is titled in Borrower's name.

11.  The Receiver is authorized to permit the Lender and its agents, contractors and assigns to enter the Property, to inspect the Property and to take samples at the Property.

12.  The Receiver is authorized, empowered and directed to deposit all receipts and revenues from the Property hereinafter coming into its possession into a bank having an office in South Carolina to be selected in its sole discretion with due regard for the safety, preservation and protection of such funds and shall use said account as an operating fund for the Property, with any excess proceeds being turned over to the Lender on a monthly basis to apply against the amounts owed under the Note.

13.  The Receiver will charge a flat rate of $1,500.00 for the first month and $1,000.00 per month for following months while serving, for services rendered.

14.  The tenants in possession of the Property or such other persons as may be in possession thereof, or any part thereof, be and they are hereby directed to attorn to the Receiver, and until the further order of the Court or Referee, to pay over to the Receiver or its duly designated agent all rents of the Property that they receive and that are due and unpaid or hereafter to become due.

15.  On or before the 15th day of each month beginning in the first month after entry of this Order, the Receiver shall make an accounting of all rents and revenues collected and all expenses paid for the previous month and shall file said accounting with the Court or Referee and shall serve a copy of said accounting upon the Lender and the Borrower. The Receiver shall file a final report within forty-five (45) days after possession of the Property has been transferred from the Receiver to another party pursuant to an order of the Court or Referee.

16.  The appointment of the Receiver shall not impair either the Lender's or Borrower's rights and remedies arising under the Note, the Mortgage, the other loan documents or under applicable law, including without limitation the Lender's interest in the rents, issues, profits, and revenues of the Property. 

17.  The Receiver shall comply with all laws applicable to the conduct of its duties hereunder as provided under any laws of the United States, the State of South Carolina, and otherwise.

18.     Receiver does not assume and shall not have any liability to the Borrower, the Lender or to any third party for any risk, expense, claim, or damage arising out of or as a result of the Receiver's duties hereunder with regard to the Property.

19.     Nothing in this Order shall modify or release any of the Borrower's or any guarantors' obligations to Lender under the Note, the Mortgage or the other loan documents and shall not be construed, interpreted or applied as an indemnity by Lender of the Borrower, or by the Receiver of the Borrower or the Lender.

20.     This Order shall be effective immediately and the Receiver shall post a bond or surety in the amount of $250,000 prior to assumption of the duties or not later than ten (10) business days after the entry of this Order. The Court shall retain jurisdiction and supervision of all matters concerning the Receiver and the receivership. The Receiver may seek instructions and additional authority from the Court or Referee upon written notice to the Lender and the Borrower.

21.     This Order is not and shall not be construed as an Order adjudicating a default under the Note, or the other loan documents involved herein; nor is it an adjudication of any issue involved in the case; any and all issues and defenses being hereby specifically preserved for hearing and adjudication at a later date or dates.

This Order is issued for the purpose of appointing a receiver solely to preserve and protect the property which is the subject of the mortgage and to collect rents, pay expenses, and to manage the property pending a resolution of this lawsuit. The Receiver is not an agent for the Lender or the Borrower but is a court-appointed officer who is responsible solely to the Court or Referee. The Receiver shall not be liable or responsible to the Lender or the Borrower in operating the property.

**AND IT IS SO ORDERED.**

_____
ALISON RENEE LEE
Presiding Judge

April _3_, 2014
Columbia, South Carolina

CERTIFIED: A TRUE COPY

_Connie Reel-Shearin_
CLERK OF COURT C.P & G.S
FLORENCE COUNTY, S.C.

2014 APR -7 PM 12:06 FILED
CONNIE REEL-SHEARIN
C.P & G.S
FLORENCE COUNTY, SC

8

WE CONSENT TO AND ACCEPT THE DUTIES OF
RECEIVER AS CONTAINED IN THIS ORDER:

CAROLAND DEVELOPMENT, LLC


By:_____


Title:_____

9